## ENGERT v. CHADWICK.

No. 2277. Decided January 4, 1912 (120 Pac. 223).

USURY—NOTES—CONSIDERATION. Plaintiff in Colorado where any agreed rate of interest may be charged loaned defendant one hundred dollars and received from him within less than a year $157, principal and interest. Plaintiff then caused defendant to give a new note for $240 with interest at the rate of one per cent. per month, on which defendant, between May 31 and October 23, 1909, paid plaintiff the further sum of ninety dollars, defendant at the time of suit brought having paid in all on account of the loan $278.10. Held, that the second note, based on an unconscionable consideration, was against public policy and good morals and unenforceable in Utah.

APPEAL from District Court, Third District; Hon. Geo. G. Armstrong, Judge.

Action by J. H. Engert against G. N. Chadwick.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED WITH INSTRUCTIONS.

D. B. Kimball and Van Cott, Allison & Riter for appellant.

Thomas F. Ashworth for respondent.

STRAUP, J.

This is a suit on a promissory note for the sum of $240 executed and delivered in Salt Lake City, on the 19th day of April, 1909, payable on demand to the plaintiff by the

defendant with interest at the rate of one per cent. per month from date. It was alleged in the complaint that ninety dollars had been paid on the note, in payments of fifteen dollars each, from and including May 31st to and including October 23, 1909. Judgment was prayed for the sum of $162.45, with interest at the rate of one per cent. per month from the date of the note, twenty-five dollars attorney's fee, and costs. Among other defenses the defendant pleaded want of consideration. The court found that the note was given "for a good and a valuable consideration;" and that there was due and unpaid on the note the sum of $150 as principal, and twenty-one dollars as interest, making a total of $171. Judgment was given plaintiff for such sum, together with an attorney's fee in the sum of twenty-five dollars, and for future interest at the rate of one per cent. per month. The defendant appeals.

The execution and delivery of the note grew out of the following undisputed and admitted transactions:

On the 17th day of March, 1904, the defendant, at Grand Junction, Colo., borrowed from the plaintiff the sum of fifty dollars. The defendant gave his demand note for the sum of eighty dollars payable in installments of $13.35 each. The note reads: "On demand after date for value received I promise to pay to the order of myself $13.35 until the amount of $80.10 has been paid in full with interest at ———— per cent. per ———— after maturity." This note was indorsed by the defendant. Then, on the 19th day of May, 1904, the defendant, also at Grand Junction, borrowed from the plaintiff fifty dollars more, and gave another note for the sum of sixty dollars payable on demand with interest at the rate of ten per cent. per month until paid. The plaintiff himself testified that between the 20th day of April, 1904, and the 17th day of November, 1904, he received from the defendant the sum of $106.10 in installments, two in the sum of $13.35 each, three in the sum of $18.35 each, and one in the sum of $24.35. Of this amount the plaintiff applied fifty dollars on the principal of the first note, $30.10 "discount" and

twenty-six dollars as interest on the second note. Under such an application of the payments the plaintiff received $30.10 interest—he called it discount—for the use of fifty dollars for eight months. Then, between the 17th day of June, 1904, and the 27th day of February, 1909, the plaintiff received other payments from the defendant in the sum of eighty-two dollars in installments—some five dollars each, some ten dollars each, and some eleven dollars each. These he applied on the second note as part payments of interest on that note. The interest on the second note, for sixty dollars at ten per cent. per month from its date, March 19, 1904, until and including the February interest payment of 1909, was $342. Of that amount, as the plaintiff "figured" it, the defendant had only paid the sums of eighty-two dollars and twenty-six dollars, or a total sum of only $108, leaving a balance of interest unpaid on the second note in the sum of $234. Two months after the interest payment of February, 1909, and after two more interest payments of six dollars each were due and unpaid, the plaintiff sought the defendant and caused him to give his note, the note sued on, for the sum of $240 with interest at the rate of one per cent. per month. Upon these, and no other transactions, was the consideration of this note founded. On this note the defendant, between the 31st day of May and the 23rd day of October, 1909, paid the plaintiff the further sum of ninety dollars. Upon plaintiff's own testimony it is indisputably shown that the defendant, for the use and upon a loan of one hundred dollars, paid the plaintiff within less than a year after the loan was made, the sum of $157.00 principal and interest, a rate of interest greater than fifty per cent. per annum, and all told paid the plaintiff on account of such loan the sum of $278.10. Yet the court gave plaintiff $171 more upon a basis of a rate of interest of 120 per cent. per annum, up to the time when the last note was made. This, presumably on the theory that a contract is a contract, and that under the law of Colorado, where the two first notes were given, no rate of interest, however great and uncon-

40 Utah—16

scionable, agreed upon between the parties was there expressly forbidden by any statute. Hence, the court assumed that it was required to take and administer the contract as it found it, and considered that the defendant's remedy, if he had any, was in equity upon proper allegations of fraud or mutual mistake, or other allegations conferring equity jurisdiction and calling for equitable relief. But the leading elements of a contract—the assent, the consideration, the legality of it—may always be inquired into by the law court. The court here found that there was a good and valuable consideration for this note. There was no consideration for it, unless it shall be said that allowing the plaintiff thirty dollars interest for the use of fifty dollars for eight months, ten per cent. per month, or 120 per cent. per annum, interest on the second loan of fifty dollars, an unjust, and unreasonable, and an unconscionable rate—a self-destructive consideration—was a good consideration. Such a consideration, in law, is no consideration for the giving of the note sued on. It is against public policy and good morals to hold otherwise and to countenance such transactions, and to enforce the note founded upon them. This court, heretofore, in a number of cases, in some of them less flagrant than this, in unmistakable terms refused to countenance and to permit the enforcement of such contracts. We think it is about time that these rulings be observed and followed.

Upon the undisputed evidence and as testified to by the plaintiff himself he received from the defendant for a loan of one hundred dollars the sum of $157, principal and interest, in less than one year after the loan was made. That is a rate of interest greater than fifty per cent. per annum. From whatever viewpoint the case may possibly be considered, the payment of that sum certainly discharged all of the defendant's obligations to the plaintiff, unless the plaintiff shall be permitted to stick to the very letter "of his bond," which we will not let him do. Neither in law nor in equity, upon the undisputed evidence adduced by himself, has he any just claim to hold any of the moneys so con-

fessedly received by him from the defendant thereafter. There is no legal consideration for his having so received it. In law he holds it for the use of the defendant and subject to his demand. He ought both in law and good morals to be made to pay it back on the defendant's demand.

The judgment of this court therefore is that the judgment of the court below be and the same is reversed and vacated, the cause remanded to the lower court with directions to permit the defendant, upon his application, to file a counterclaim in the cause against the plaintiff to recover from him all moneys paid by him to the plaintiff over and above the payment of $157, which is the sum of $121, and upon the evidence already adduced to make findings on the issues presented by the complaint, and the counterclaim if one is filed, in favor of the defendant, and to enter a judgment on the counterclaim in favor of the defendant and against the plaintiff in the sum of $121 and costs, and to dismiss the complaint on merits. It is so ordered. Costs of this appeal to appellant.

FRICK, C. J., and McCARTY, J., concur.